IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-885 T
(JUDGE SWEENEY)

PETER R. SCHAFFER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ANSWER

Defendant, the United States, through its attorneys, and after the inquiry required by 28 U.S.C. § 520, hereby answers the complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein not specifically admitted below.

The United States further:

1. Admits that the social security number of plaintiff, Peter R. Schaffer, is 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. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2. Admits the allegation contained in paragraph 2.

3. Admits that this is a suit for recovery of federal gift tax but denies that any federal gift tax or interest has been erroneously or illegally assessed or collected from plaintiff for the year 1995 or 1997. Avers that jurisdiction, if it exists, arises under 28 U.S.C. § 1491(a)(1).

4. Admits that plaintiff seeks to recover federal gift tax for the December 31, 1995, taxable year. Avers that the allegation that plaintiff filed a “timely” gift tax return for the year 1995 constitutes a legal conclusion, to which no response is necessary. Avers that plaintiff’s federal gift tax return for the year 1995 was filed on August 20, 1996, with the Internal Revenue Service Center at Holtsville, New York. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4. Avers that the allegation contained in the third sentence of paragraph 4 constitutes a legal conclusion, to which no response is necessary.

5. Admits the allegations contained in the first sentence of paragraph 5. Avers that plaintiff paid to the Internal Revenue Service the sum of $103,047.27 on June 21, 2000, and that the Internal Revenue Service applied such sum to plaintiff’s gift tax liability for the year 1995.

6. Avers that the Internal Revenue Service Center at Holtsville, New York, received a Form 843 in plaintiff’s name for the year 1995 on May 8, 2002. Avers that the Form 843 claimed a refund of federal gift tax and interest paid for the year 1995 in the amount of $103,047. Admits that an unsigned copy of the Form 843 is attached to the complaint and marked “Exhibit A.” Avers that the Appeals Office of the Internal Revenue Service sent plaintiff a notice of disallowance of claims for adjustments for the years 1995 and 1997 by certified mail on June 12, 2006.

7. Avers that plaintiff’s gift tax return for the year 1995 reported six gifts of 135.84 shares of stock of Case Paper Company, Inc., on January 1, 1995, and reported a

value of $176,592 per 135.84 shares. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 8. Denies the allegations contained in the last sentence of paragraph 8.

9. Denies the allegations contained in the first sentence of paragraph 9. Admits that defendant has not refunded the amounts claimed by plaintiff and denies that plaintiff is entitled to any recovery.

10-12. Incorporates by reference its responses to paragraphs 1 through 3.

13. Admits that plaintiff seeks to recover federal gift tax for the December 31, 1997, taxable year. Avers that plaintiff's federal gift tax return for the year 1997 was received on October 15, 1998, by the Internal Revenue Service Center at Holtsville, New York. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13. Avers that the allegation contained in the third sentence of paragraph 13 constitutes a legal conclusion, to which no response is necessary.

14. Admits the allegations contained in the first sentence of paragraph 14. Avers that plaintiff paid to the Internal Revenue Service the sum of $23,530.59 on May 30, 2000, and that the Internal Revenue Service applied such sum to plaintiff's gift tax liability for the year 1997.

15. Avers that the Internal Revenue Service Center at Holtsville, New York, received a Form 843 in plaintiff's name for the year 1997 on May 8, 2002. Avers that the Form 843 claimed a refund of federal gift tax and interest paid for the year 1997 in the amount of $23,531. Admits that an unsigned copy of the Form 843 is attached to the complaint and marked "Exhibit B." Avers that the Appeals Office of the Internal Revenue Service sent plaintiff a notice of disallowance of claims for adjustments for the years 1995 and 1997 by certified mail on June 12, 2006.

16. Avers that plaintiff's gift tax return for the year 1997 reported a gift of 145,136 shares of stock of Case Paper Company, Inc., on March 26, 1997, and reported a total value for the shares of $58,189. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 17. Denies the allegations contained in the last sentence of paragraph 17.

18. Denies the allegations contained in the first sentence of paragraph 18. Admits that defendant has not refunded the amounts claimed by plaintiff and denies that plaintiff is entitled to any recovery.

19-20. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19 and 20.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with costs assessed against plaintiff.

Respectfully submitted,

/s/ Karen Servidea

KAREN SERVIDEA

Attorney of Record
U.S. Justice Dept., Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-3423
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

/s/ G. Robson Stewart
Of Counsel

April 27, 2007